1  Thanh-Thuy T. Luong (State Bar No. 293859)
   tluong@jonesday.com
2  JONES DAY
   3161 Michelson Drive
3  Suite 800
   Irvine, CA 92612.4408
4  Telephone: +1.949.851.3939
   Facsimile: +1.949.553.7539
5
   Attorneys for Defendant
6  EXPERIAN INFORMATION SOLUTIONS, INC.

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                 SACRAMENTO DIVISION

11

12  RABECCA BRUCE,                    Case No. 2:17-cv-01541-JAM-CMK

13            Plaintiff,              Hon. Magistrate Judge
                                      Craig M. Kellison
14       v.
                                      **STIPULATED PROTECTIVE
15  EXPERIAN INFORMATION              ORDER**
    SOLUTIONS, INC.,
16                                    Complaint filed: July 25, 2017
              Defendant.
17

18       IT IS HEREBY STIPULATED by and between Plaintiff Rabecca Bruce and

19  Defendant Experian Information Solutions, Inc. ("Experian") through their

20  respective attorneys of record, as follows:

21       WHEREAS, documents and information have been and may be sought,

22  produced or exhibited by and among the parties to this action relating to trade

23  secrets, confidential research, development, technology or other proprietary

24  information belonging to the defendants, and/or personal income, credit and other

25  confidential information of Plaintiff.

26       THEREFORE, an Order of this Court protecting such confidential

27  information shall be and hereby is made by this Court on the following terms:

28       1.      This Order shall govern the use, handling and disclosure of all

documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.     Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.     To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Civil Local Rule 141.

4.     All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5.     Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may

not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order,

nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be destroyed by the party and/or counsel in receipt of the confidential materials, or returned to the Producing Party.  Whether the materials designated "Confidential" are returned or destroyed, the party and/or counsel in receipt of the materials must submit a written certification of compliance to the Producing Party by the 60-day deadline.  Notwithstanding the foregoing, any documents that counsel for the party in receipt of the confidential materials believes in good faith to constitute attorney work product need not be destroyed or returned to the Producing Party; provided, however, that (a) the party and its counsel continue to maintain the confidentiality of such documents consistent with the terms of this Stipulated Protective Order, and (b) no party or counsel, other than Experian or its counsel, may assert that Experian's confidential documents (*e.g.*, Administrative Reports, Dispute Response Logs, D/R Logs, Disclosure Logs, Transaction Logs) are attorney work product.

11.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 251.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith

and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain in writing the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion for appropriate relief under the appropriate rule within 28 days of the initial notice by the Challenging Party of challenge or within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. The Designating Party shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

//
//
//
//
//
//
//
//
//

13.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: August 16, 2018                          JONES DAY


                                                By: */s/ Thanh-Thuy T. Luong*
                                                Thanh-Thuy T. Luong

                                                Attorneys for Defendant
                                                EXPERIAN INFORMATION
                                                SOLUTIONS, INC.


Dated: August 16, 2018                          By: */s/ Stephanie R. Tatar (as*
                                                *authorized on 8/15/2018)*
                                                Stephanie R. Tatar

                                                Attorney for Plaintiff


IT IS SO ORDERED.

Dated:  August 16, 2018

                                                CRAIG M. KELLISON
                                                UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

*Rabecca Bruce v. Experian Information Solutions, Inc.*
United States District Court, Eastern District of California
Case No. 2:17-cv-01541-JAM-CMK

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4       I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5.      I have carefully read and understand the provisions of this Stipulated Protective Order.

6.      I will comply with all provisions of this Stipulated Protective Order.

7.      I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8.      I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.  I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 20___ at _____.


_____
QUALIFIED PERSON

# CERTIFICATE OF SERVICE

I, Thanh-Thuy T. Luong, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On August 16, 2018, I served a copy of the **STIPULATED PROTECTIVE ORDER** by electronic transmission.

I am familiar with the United States District Court for the Eastern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Stephanie R. Tatar
Tatar Law Firm, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
T: (323) 744-1146
F: (888) 778-5695
Email: Stephanie@TheTatarLawFirm.com
*Attorneys for Plaintiff*

Executed on August 16, 2018, at Irvine, California.


*/s/ Thanh-Thuy T. Luong*
Thanh-Thuy T. Luong